Honorable Judge Shiva Hodges

First and foremost, I feel obligated to thank you and your staff for the time so generously spent in order to resolve this case. That said, I wish to respectfully offer apologies for any delay in the past week on my part, and to further assure the court that any past delays have not occurred due to any action or inaction on my part. I have personally made every possible attempt to resolve the case. This includes a year spent complying with Defendants' demands for readmission, in good faith, and fulfilling each stipulation dictated, however degrading, unwarranted, or vindictive.

This federal complaint was filed out of utter fear that my statute of limitations would expire, as Defendants purposely manipulated and intimidated my initial legal counselor and family friend, Gary White. Initial delays both to serve certain defendants and to respond to defendants initial motions to dismiss were a result of Defendants' counsel lying to Mr. White about accepting service and Mr. White, in turn, lying to me regarding the date the initial motion to dismiss was filed. As a result, I obtained my own PACER account just to prevent any such delay in the future.

Regarding any attempts to settle the case, I assure the court that my current legal counsel, Benjamin Dunn, has worked in good faith to reach a settlement, but Defendants have once again simply manipulated the process, without any reasonable effort made towards reaching any mutually agreed upon terms of settlement. Defendants have simply, and repeatedly, rephrased the terms of my suspension without any concessions, while I have made nothing but concessions regarding my willingness to resolve this case.

As Mr. Dunn has made clear to me, he has no intent to pursue this case. Mr. Dunn made clear to me during the settlement process that if I did not settle, he did not want to continue representing me. Therefore, I offer my full consent for Mr. Dunn to be withdrawn from this case. I understand that this will leave me without representation and I understand that this could affect the outcome of the case.

That said, I intend to proceed Pro Se. It was my understanding that Mr. Dunn would file a motion to proceed Pro Se, though there has been a discrepancy as to this matter. It was my intent, therefore, to file such a motion concurrent with this letter. I was made aware today, however, of a scheduled conference call for this Thursday, July 20th. Therefore, I have refrained from filing the motion to proceed Pro Se, as I expect the issue may be addressed during the scheduled conference call and will wait for any instruction from the court as to the matter.

Finally, again with utmost respect, I cannot begin to express to the court how difficult it has been to find an attorney in town who is willing to accept the case. This is a direct result of Defendants' voluminous attempts to inject mental heath issues into a case that is clearly about Freedom of Speech, Due Process, and resulting ADA violations. To be quite honest, once attorneys hear that a forensic psychiatrist, Defendant Richard Frierson, is involved, no attorney wants to touch the case. This was precisely Defendants' intent.

I have reached out to dozens of law firms and various organizations to no avail. As a result, I have reached the forced conclusion that no one can possibly know the facts of the case as well as myself or be as familiar with the issues involved, or speak for myself better than I. I understand that my initial complaint, and likely my amended complaint, were far from being crystal clear or as professionally

written as they could or should have been. I offer no excuses, only the explanation that I was forced to write both myself, without any help or guidance from either of my two legal counsels.

I do not expect my intent to proceed Pro Se will cause any delay, and, in fact, hope to assure the court that proceeding Pro Se may actually expedite the process. I intend to request items for discovery, as well as submit interrogatories, neither of which either of my legal counselors have bothered to do. I would have long ago filed for an injunction to allow me complete my one remaining class at USC while the case proceeds. Without being repetitive, I wish to emphasize to the court that I have only one single 3hour credit class required to graduate. During settlement negotiations, I repeatedly stated that I simply wanted to complete this class and obtain the USC degree that I have not only earned, but am still paying for with monthly student loan payments. Defendants could have simply allowed me to take the class online and I would have agreed to never step foot on USC property again. Unfortunately, the vindictive nature of Defendants's actions have prevented an easy, simple, less painful, and less expensive solution.

I look forward to speaking with Your Honor personally during the scheduled conference call and I am grateful for the opportunity to do so.


Sincerely, and again, with the utmost respect for this court,



Sammi H. Addahoumi
910 Lacy Street
Columbia, SC
29201
(803)741-4845