IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sammi H. Addahoumi, | ) | C/A No.: 3:16-1571-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Liggett, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Scott Prill, Carl R. Wells, Officer J. Newton, Richard L. Frierson, and the University of South Carolina Board of Trustees, | ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

This matter comes before the court on the motions to dismiss filed by two sets of defendants: (1) Motion to Dismiss pursuant to Fed. R. Civ. P. 8(a), 10(b), and 12(b)(6) filed on June 29, 2017, by Timothy Bedford, Maureen Grewe, Alisa Ligget, Josef Olmert, Harris Pastides, Augusta Schneider, Leslie G. Wiser, Jr. ("Served Defendants") [ECF No. 43]; and (2) Motion to Dismiss or Quash Service filed on June 29, 2017, by Bobby Gist, J. Newton, and Carl R. Wells ("Defendants Not Served") [ECF No. 44].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge grant the motions to dismiss the amended complaint with leave to file a second and final amended complaint.

I.      Factual and Procedural Background

Sammi H. Addahoumi ("Plaintiff") is a student at the University of South Carolina ("University"), currently on suspension from the University. He originally filed this action on May 15, 2016, through counsel William Gary White, III, against the University President, members of the Board of Trustees, several professors, and other University personnel. [ECF No. 1]. The original complaint was 59 pages, containing ten causes of action. Counsel appeared for defendants and filed several motions to dismiss [ECF Nos. 6, 10, and 15] the complaint. On September 28, 2016, Plaintiff moved to amend the complaint, asserting he "would like to condense and clarify the allegations in his complaint to make them more short and plain." [ECF No. 16 at 1]. Defendants opposed the motion to amend because it failed to attach a proposed amended complaint. [ECF No. 24]. The undersigned conducted a telephone conference with counsel on January 5, 2017, by which time Plaintiff had obtained new counsel, Benjamin A. Dunn, Esq. After a discussion in which the parties indicated they were actively engaging in settlement discussions, the court granted the motion to amend, mooted the pending motions to dismiss, and directed Plaintiff to file his amended complaint by March 3, 2017, if settlement discussions did not resolve the case. [ECF No. 30]. At the request of counsel for both sides citing their continued settlement discussions, the court extended the deadline for filing the amended complaint several times, with the final deadline set for June 19, 2017. On that date, an amended complaint ("Amended Complaint") was filed on behalf of Plaintiff. [ECF No. 41]. The undersigned notes that the Amended Complaint was not signed by counsel, but instead was signed "s/[Plaintiff's name]." On July 8,

2

2017, Attorney Dunn filed a motion to withdraw as counsel for Plaintiff. [ECF No. 45]. That motion reflects that Plaintiff requested Attorney Dunn to file the Amended Complaint, drafted by Plaintiff, prior to withdrawing. *Id.*

On July 20, 2017, the court held a telephone conference with Plaintiff and all counsel and granted Attorney Dunn's motion to withdraw as counsel. Plaintiff is now proceeding pro se. During the telephone conference, the court discussed the pending motions to dismiss and its intention to issue a Report and Recommendation recommending the motions to dismiss be granted, with leave for Plaintiff to file a Second Amended Complaint. Plaintiff understood the undersigned would recommend the court grant him one final opportunity to prepare an amended complaint that complies with the Federal Rules of Civil Procedure.

II.     Discussion

    A.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

3

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

The Amended Complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint consists of 322 pages, including 225 pages of the body, with the remaining pages consisting of exhibits or blank pages. It includes all of the original defendants, some of whom were never served with the original complaint, and adding three new University defendants: Scott Prill, Richard L. Frierson, and the University Board of Trustees, none of whom have been served with the Amended Complaint.

On page 198 of the Amended Complaint, Plaintiff begins a list of 19 causes of action. The causes of action refer to the defendants in the collective instead of individualized allegations of the acts or omissions of each particularized defendant related to each of the specific causes of action. In the Amended Complaint, Plaintiff includes information concerning, *inter alia*, his experience in the restaurant business (¶¶ 76–77), travel experiences in Libya and Tunisia (¶¶ 78–81 and 93–94), interactions with Olmert and others in e-mails and in person (¶¶87–154), many quotes from e-mails, and citations and quotations to over 40 cases. It is unclear the relevance of this information to the grounds for relief Plaintiff alleges against defendants.

Even if the court were to liberally construe the complaint as one filed pro se, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Because the Amended Complaint fails to identify the claims Plaintiff asserts against each defendant and the factual basis for holding each defendant liable, the court is unable to determine whether any of the causes of action are plausible against any one of the defendants. Further, defendants indicate that because they are unable to discern from the shotgun pleading whether there are legally sufficient claims against any of them, they are unable to frame a responsive pleading.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the court grant the motions to dismiss with leave to file a second and final amended complaint that comports with Fed. R. Civ. P. 8(a)(2). The undersigned recommends Plaintiff be warned that his failure to file a proper amended complaint will result in his case being dismissed with prejudice.

IT IS SO RECOMMENDED.

July 25, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).