IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sammi H. Addahoumi,<br><br>       Plaintiff,<br>    vs.<br><br>Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Liggett, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Scott Prill, Carl R. Wells, Officer J. Newton, Richard L. Frierson, and the University of South Carolina Board of Trustees,<br>       Defendants. | Civil Action No. 3:16-cv-1571-CMC-SVH<br><br><br>**OPINION AND ORDER** |

     This matter is before the court on two motions by different Defendants: 1) Defendants Bedford, Grewe, Ligget, Olmert, Pastides, Schneider, and Wiser's ("Served Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 8(a), 10(b), and 12(b)(6) (ECF No. 43); and 2) Defendants Gist, Newton, and Wells' ("Defendants Not Served") Motion to Dismiss or Quash Service (ECF No. 44). Plaintiff filed a response in opposition to the Served Defendants' Motion to Dismiss. (ECF No. 46)

     In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 25, 2017, the Magistrate Judge issued a Report recommending Defendants' motions to dismiss be granted "with leave to file a second and final amended complaint that comports with Fed. R. Civ. P. 8(a)(2)." ECF No. 52. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. The Magistrate Judge further

warned Plaintiff his failure to file a proper amended complaint would result in his case being dismissed with prejudice. No party has filed objections, and the time to do so has passed. However, on August 4, 2017, Plaintiff filed a Second Amended Complaint. ECF No. 54.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation. However, as Plaintiff has filed a Second Amended Complaint (ECF No. 54), Defendants' motions (ECF Nos. 43 and 44) are dismissed as moot.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 23, 2017

---

[1] Served Defendants have already filed a motion to dismiss the Second Amended Complaint for failure to state a claim (ECF No. 56), and Defendants Not Served have filed a Motion to Dismiss or to Quash Service (ECF No. 57). These motions are currently being briefed.