```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
           COLUMBIA DIVISION
```

| | |
|---|---|
| Sammi H. Addahoumi,<br><br>                Plaintiff,<br>vs.<br><br>Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Liggett, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Scott Prill, Carl R. Wells, Officer J. Newton, Richard L. Frierson, and the University of South Carolina Board of Trustees,<br>                Defendants. | Civil Action No. 3:16-cv-1571-CMC-SVH<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendants Bedford, Grewe, Ligget, Olmert, Pastides, Schneider, and Wiser's ("Served Defendants") Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 8(a), 10(b), and 12(b)(6) (ECF No. 56).[1] Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need for him to file an adequate response. ECF No. 61. Plaintiff filed a response in opposition. ECF No. 65. Defendants filed a reply. ECF No. 66.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings

---

[1] Also pending before the court are Defendants Gist, Newton, and Wells' ("Defendants Not Served") Motion to Dismiss or Quash Service (ECF No. 57) and Plaintiff's Motion for Summary Judgment (ECF No. 68, stayed pending outcome of pending Motion to Dismiss). Because the court grants the Motion to Dismiss (ECF No. 56), the service issues and Plaintiff's Summary Judgment motion are moot.

and a Report and Recommendation ("Report"). On November 9, 2017, the Magistrate Judge issued a Report recommending Defendants' motion to dismiss be granted and this matter be dismissed with prejudice. ECF No. 74. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on December 1, 2017. ECF No. 77. The Served Defendants filed a reply on December 15, 2017. ECF No. 78.

1. **Background**

Plaintiff was a student at the University of South Carolina[2] who initiated this action on May 15, 2016, after he was suspended from the University. The original Complaint named Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Ligget, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Jane Doe, Carl R. Wells, and Officer Newton as Defendants. ECF No. 1. This Complaint was 59 pages, contained 152 paragraphs and ten causes of action, and was submitted by Plaintiff's first attorney. *Id.* Defendants filed Motions to Dismiss (ECF Nos. 6, 10) and the Magistrate Judge granted Plaintiff's motion to file an amended complaint (ECF Nos. 16, 30), after Plaintiff stated he wished to "condense and clarify the allegations in his complaint to make them more short and plain. . . ." The parties indicated they were actively engaged in settlement negotiations, so the deadline to file the Amended Complaint was set for June 19, 2017. Settlement negotiations apparently broke down, as the Amended Complaint was filed June 19. It was significantly longer than the original Complaint, at 235 pages and 869 paragraphs,

---

[2] Plaintiff's objections note he has graduated from Kennesaw State University. ECF No. 77 at 36.

and also included nearly 100 pages of attachments. ECF No. 41. It also added Richard L. Frierson and the University of South Carolina Board of Trustees as Defendants. *Id.* Although Plaintiff's second attorney filed the Amended Complaint, it was apparently drafted by Plaintiff,[3] and that attorney withdrew as counsel shortly after the filing. Defendants filed motions to dismiss (ECF Nos. 43, 44), and the Magistrate Judge filed a report recommending Plaintiff be allowed to file a second and final amended complaint "that comports with Fed. R. Civ. P. 8(a)(2)." ECF No. 52. The Magistrate Judge warned Plaintiff that failure to file a proper amended complaint would result in his case being dismissed with prejudice. *Id.* at 6. Before this court ruled on that Report, Plaintiff filed his 44 page Second Amended Complaint ("SAC"), with 138 paragraphs of factual allegations, eight counts, and 149 pages of attachments. ECF No. 54.

### 2. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

---

[3] Per counsel's motion to withdraw, the Amended Complaint was drafted by Plaintiff. ECF No. 45.

3

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

### 3. Discussion

In his objections, Plaintiff argues the Magistrate Judge erred in recommending dismissal "by erroneously finding that Plaintiff's Second Amended Complaint 'fails to identify the claims he asserts against each defendant and the factual basis for holding each defendant liable.'" ECF No. 77 (quoting Report, ECF No. 74). Specifically, Plaintiff argues (1) the incorrect legal standard was used in determining his SAC is a "shotgun pleading;" (2) the proper remedy for a shotgun pleading is a motion for a more definite statement (as opposed to a motion to dismiss); and (3) Defendants are able to ascertain from the SAC how each Defendant allegedly wronged Plaintiff, which legal theories Plaintiff is pursuing, and how the factual assertions are tied to these legal theories. *Id.* at 2.

Plaintiff first argues Defendants should have sought a more definite statement under Fed. R. Civ. P. 12(e) instead of moving to dismiss the SAC. The court disagrees. Plaintiff had multiple chances to file a complaint complying with Rules 8(a) and 10(b), Fed. R. Civ. P., and was advised by the Magistrate Judge why his previous complaints did not meet the requirements. However, Plaintiff failed to amend in accordance with these rules, instead filing similar complaints each time. Defendants were not required to file a motion for a more definite statement.

4

Plaintiff next contends his SAC is not a shotgun pleading as alleged by Defendants because "Plaintiff has not incorporated the entirety of his prior allegations into each successive count." ECF No. 77 at 11. In fact, all eight counts of the SAC incorporate all factual allegations (138 paragraphs) and are against all Defendants. Rule 10(b) provides that "a party must state its claims . . .in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Instead, Plaintiff continues to incorporate all circumstances in his 138 paragraphs of factual allegations into every claim. This requires the court to constantly cross-reference the lengthy facts section and "wade indeterminately through the morass of superfluous detail." *North Carolina v. McGuirt,* 114 F. App'x 555, 559 (4th Cir. 2004); *see also Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir.2001) (affirming the district court's dismissal of a complaint that incorporated by reference 146 numbered paragraphs of factual allegations into each claim, incorporated the allegations of each preceding claim, entailed numerous immaterial and rambling factual allegations, and charged "all defendants" in each count).

Finally, the Report analyzed the SAC under the correct Supreme Court standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and Federal Rules of Civil Procedure 8(a) and 10, and found it was impossible to determine which factual allegations applied to which cause of action against which Defendant(s). ECF No. 74. This court has also attempted to match the factual allegations with the counts of the SAC in an effort to determine who is sued for what. The court has also studied Plaintiff's objections for an explanation.

5

In many cases, however, the objections make no sense.[4] For example, after explaining how he has purportedly adequately pled his free speech claim against Defendant Liggett, he notes "the District Court should grant Liggett's motion to Dismiss as to Count 3." *Id.* at 19. He then begins writing as if he were the court, stating "as a matter of law, Addahoumi suffered no substantive due process violation and, accordingly, to Dismiss is appropriate for all of the defendants on Addahoumi's substantive due process claim in Count 4." *Id.* at 20. This continues with his examination of other counts, as he writes "the Court grants Dismiss [sic] as a matter of law as to Count 4 in favor of Grewe and Kilbourn." *Id.* at 30. He goes into more detail in examining his own ADA/Rehabilitation Act claim, stating:

> the court rejects Addahoumi's assertion that his psychiatric conditions constitute a disability . . . because Addahoumi failed to offer evidence that his limitation is substantial. Accordingly, Addahoumi's ADA and Rehabilitation Act claims fail as a matter of law, and the court grants the Board's motion to Dismiss as to Counts 6 and 7.

*Id.* at 37.

In their entirety, the 202 pages of objections are repetitive, jumbled, inconsistent, and confusing – much like Plaintiff's prior Complaints and the SAC at issue here. Plaintiff extensively argues the substance of his case; however, this motion and Report are focused solely on whether Plaintiff's SAC comports with the Federal Rules of Civil Procedure and federal law governing

---

[4] Plaintiff, in his attempts to bring specificity to his factual allegations, discusses specific complaint citations to "goodwill in the marketplace," "trademark and unfair-competition claims," "co-opting internet traffic from Plaintiff's websites." ECF No. 77 at 11. However, these claims do not appear to be related to Plaintiff's current causes of action against the defendants in this case, only adding to the confusion.

6

pleadings. The court finds nothing in Plaintiff's objections to alter the conclusion of the Magistrate Judge that Plaintiff's SAC should be dismissed.

### 4. Dismissal With or Without Prejudice?

The Fourth Circuit has affirmed dismissal with prejudice of a third complaint that failed to comply with Rule 8(a) despite repeated instruction regarding the manner in which the plaintiff should have amended so as to comply with the rules. *Smith v. Int'l Longshoremen's Ass'n, AFL-CIO, Local No. 333*, 592 F.2d 225 (4th Cir. 1979); *see also U.S. ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374 (7th Cir. 2003) (affirming dismissal with prejudice after multiple opportunities to amend). One factor the Fourth Circuit has considered that weighed in favor of dismissal with prejudice was a plaintiff's persistence in failing to comply with Rule 8(a). *McGuirt*, 114 F. App'x at 559 ("[D]ismissal with prejudice is an extreme sanction that must be examined carefully. Aggravating factors may, however, present sufficient weight in favor of that sanction [dismissal with prejudice] and bring it within the appropriate discretion of the district court. One such aggravating factor . . . is whether the plaintiff has *persisted* in failing to comply with Rule 8(a)."); *see also Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) ("But if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice."); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civ.* § 1217 (3d ed. 2017) ("However, in some circumstances if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted.").

Here, Plaintiff has repeatedly failed to file a complaint containing a "short and plain statement of his claim showing he is entitled to relief," as required under Rule 8(a). In addition, as noted above, Plaintiff was specifically warned that failure to file an SAC complying with Rule 8(a)(2) would result in dismissal with prejudice. ECF No. 52 at 6 ("[H]is failure to file a proper amended complaint will result in his case being dismissed with prejudice."). Nevertheless, Plaintiff has failed to clarify which claims are against which Defendants and has filed nonsensical, contradictory objections. Thus, the Magistrate Judge's recommendation of dismissal with prejudice is appropriate.

### 5. Conclusion

After *de novo* consideration of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendants' reply, the court agrees with the Report's recommendation Defendants' motion to dismiss be granted. Accordingly, the court adopts the Report by reference in this Order. Defendants' motion to dismiss (ECF No. 56) is granted for failure to comply with Rules 8(a) and 10(b), and this matter is dismissed with prejudice as Plaintiff has already had two opportunities to amend his complaint and has failed to do so in a way that complies with federal law.[5]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie

---

[5] The non-served Defendants' motion to dismiss or quash subpoena (ECF No. 57) and Plaintiff's motion for summary judgment (ECF No. 68) are moot.

CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 30, 2018