IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Sammi H. Addahoumi, | Civil Action No. 3:16-cv-1571-CMC-SVH |
|---|---|
| Plaintiff, vs. | **OPINION AND ORDER** |
| Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Liggett, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Scott Prill, Carl R. Wells, Officer J. Newton, Richard L. Frierson, and the University of South Carolina Board of Trustees, Defendants. | |

This matter is before the court on Plaintiff's motion for reconsideration pursuant to Rules[1] 59(e) and 60.[2] ECF No. 86. Plaintiff also filed a motion for leave to file Third Amended Complaint. ECF No. 85. The challenged judgment, entered January 30, 2018, granted Defendants' motions to dismiss for failure to comply with Rules 8(a) and 10(b) and dismissed Plaintiff's case with prejudice. ECF Nos. 80 (Order), 81 (Judgment).

Defendants filed a response in opposition to Plaintiff's motion for reconsideration, and a motion to stay the motion for leave to amend pending the outcome of the motion for reconsideration. ECF Nos. 87, 88. Plaintiff filed a "consolidated reply" in support of his

---

[1] Plaintiff cites the South Carolina Rules of Civil Procedure ("SCRCP"); however, as this case is in federal court on Plaintiff's constitutional claims, the Federal Rules of Civil Procedure apply.

[2] Plaintiff also filed a Notice of Appeal on March 5, 2018. ECF No. 89. However, that filing does not divest this court of jurisdiction over a motion for relief from its own judgment, such as the instant motion. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) (holding the district court has jurisdiction to entertain a Rule 60(b) motion filed while a judgment is on appeal).

reconsideration motion and in opposition to Defendants' motion to stay. ECF No. 97. For the reasons set forth below, Plaintiff's motion for reconsideration is denied. His motion for leave to file Third Amended Complaint, therefore, is moot, as is Defendants' motion to stay.

### 1. **Background**

Plaintiff, a former student at the University of South Carolina, initiated this action on May 15, 2016, after he was suspended from the University. The original Complaint named Harris Pastides, Dennis Pruitt, Bobby Gist, Alisa Ligget, Maureen Grewe, Augusta Schneider, Timothy Bedford, Leslie G. Wiser, Jr., Josef Olmert, Jane Doe, Carl R. Wells, and Officer Newton as Defendants. ECF No. 1. This Complaint was 59 pages, contained 152 paragraphs and ten causes of action, and was submitted by Plaintiff's first attorney. *Id.* Defendants filed motions to dismiss (ECF Nos. 6, 10) after which the Magistrate Judge granted Plaintiff's motion for leave to file an amended complaint (ECF Nos. 16, 30). Plaintiff, through counsel, stated he wished to "condense and clarify the allegations in his complaint to make them more short and plain. . . ." ECF No. 16. The parties indicated they were actively engaged in settlement negotiations, so the deadline to file the Amended Complaint was set for June 19, 2017. Settlement negotiations apparently broke down, as the Amended Complaint was filed June 19. It was significantly longer than the original Complaint, at 235 pages and 869 paragraphs, and included nearly 100 pages of attachments. ECF No. 41. It also added Richard L. Frierson and the University of South Carolina Board of Trustees as Defendants. *Id.* Although Plaintiff's second attorney filed the Amended Complaint, it was

2

apparently drafted by Plaintiff,[3] and that attorney withdrew as counsel shortly after the filing. Defendants filed motions to dismiss (ECF Nos. 43, 44), and the Magistrate Judge filed a Report recommending Plaintiff be allowed to file a second and final amended complaint "that comports with Fed. R. Civ. P. 8(a)(2)." ECF No. 52. The Magistrate Judge warned Plaintiff that failure to file a proper amended complaint would result in his case being dismissed with prejudice. *Id.* at 6. Before this court ruled on that Report, Plaintiff filed his 44 page Second Amended Complaint, with 138 paragraphs of factual allegations, eight counts, and 149 pages of attachments. ECF No. 54.

Defendants again filed motions to dismiss Plaintiff's Second Amended Complaint. ECF Nos. 56, 57. Due to Plaintiff's *pro se* status, the Magistrate Judge entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and the need to file an adequate response. ECF Nos. 59, 61. Plaintiff filed a response in opposition.[4] ECF No. 65. Defendants filed a reply. ECF No. 66. On November 9, 2017, the Magistrate Judge issued a Report recommending Defendants' motions to dismiss be granted and Plaintiff's motion for summary judgment be denied as moot. ECF No. 74. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the

---

[3] Per counsel's motion to withdraw, the Amended Complaint was drafted by Plaintiff. ECF No. 45.

[4] Plaintiff also filed a motion for summary judgment (ECF No. 68), and Defendants filed a motion to stay the summary judgment motion pending the outcome of their motions to dismiss (ECF No. 69). The court granted the stay. ECF No. 70.

serious consequences if they failed to do so. On December 1, 2017, Plaintiff filed over 200 pages of objections to the Report. ECF No. 77. Defendants filed a reply on December 15, 2017. ECF No. 78. On January 30, 2018, this court entered an Order adopting the Report, granting Defendants' motions to dismiss, and dismissing Plaintiff's case with prejudice. ECF No. 80.

Plaintiff now seeks reconsideration of that Order.[5] ECF No. 86. Defendants filed a response in opposition to Plaintiff's motion for reconsideration, arguing Plaintiff has raised no grounds to grant reconsideration under the standard applied by the Fourth Circuit. ECF No. 87. They also note "Plaintiff made no real effort to cure any deficiencies when he filed the Second Amended Complaint." *Id.* at 4. They agree "this action was appropriately dismissed with prejudice." *Id.* Plaintiff then filed his reply, rehashing and in many places resubmitting word-for-word arguments from his motion for reconsideration. ECF No. 97.

2. **Standard**

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments

---

[5] Plaintiff also filed a motion for leave to file a Third Amended Complaint and included a proposed Third Amended Complaint. ECF No. 85.

which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).[6]

Rule 60(b) sets out grounds for relief from final judgment, including mistake or excusable neglect, newly discovered evidence, fraud or misrepresentation, void judgment, satisfied judgment, or "any other reason that justifies relief." "The remedy provided by the Rule [60(b)], however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). "To obtain relief under the Rule, a party must demonstrate *inter alia* that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992).

### 3. Discussion

Plaintiff requests relief under either Rule 59(e) or Rule 60, asking that the court reconsider its Order of dismissal, change the dismissal from with prejudice to without, and grant his latest

---

[6] To the extent Plaintiff argues "[a]fter Addahoumi supported his motion, the burden shifted to the defendants to cite specific facts showing that valid objections such as prejudice or futility exists," Plaintiff misunderstands the standard for reconsideration. The party bringing the motion retains the burden to demonstrate why reconsideration should be granted.

5

motion for leave to amend the complaint. ECF No. 86. He notes his proposed Third Amended Complaint "provides a dozen pages of new details about the Defendant entities." *Id.* at 2. Plaintiff then makes several arguments in support of his request for reconsideration. For clarification, the court will label the sections to correspond to Plaintiff's characterizations of the arguments in his motion.

> a. Grounds for Reconsideration Based on Exceptions to Particular Statements, Findings, and Conclusions in the Order

In this section, Plaintiff argues his claims were not dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and that the court should have converted Defendants' motions to dismiss into ones for summary judgment.[7] *Id.* at 3-9. He argues his Complaint should not have been dismissed based on affirmative defenses at the pleadings stage. *Id.* at 9. Plaintiff further contends the Report was "a writing that is not an exhibit to Plaintiff's Complaint and therefore cannot be considered part of the pleadings." *Id.*

Plaintiff's motion demonstrates a fundamental misunderstanding regarding the dismissal of his claims. He is correct the court did not dismiss the claims under Rule 12(b)(6) for failure to state a claim, but does not appear to understand his Complaint was instead dismissed for failure to

---

[7] Plaintiff also argues the judgment in his case noted his claims were dismissed without prejudice, and therefore he should be allowed to amend his Complaint for the third time. *Id.* at 3. However, this ignores the Amended Judgment entered the same day as the original, correcting the scrivener's error in the initial Judgment. *See* ECF Nos. 81 (original Judgment, noted on the docket as "with prejudice" but containing scrivener's error on page 1 noting "this action is dismissed without prejudice"), 83 (Amended Judgment correctly noting Plaintiff's claims were dismissed with prejudice).

6

comply with Rules 8(a) and 10(b) requiring a "short and plain statement" of his claims and because "it was impossible to determine which factual allegations applied to which cause of action against which Defendant(s)." *See* ECF No. 80 at 5. Plaintiff's Complaints were so unclear as to violate these rules, and his filings (objections to the Report and this motion) serve only to further muddy the waters. As his Complaint was not dismissed based on Rule 12(b)(6), this argument for reconsideration provides no rationale for allowing Plaintiff's case to go forward. The court could not have converted Defendants' motions to ones for summary judgment because the motions addressed the form of the pleadings, not the substantive content of the claims. Plaintiff's Complaint was not dismissed based on an affirmative defense. In addition, the court properly considered the Report. *See* 28 U.S.C. § 636(b); *Matthews v. Weber*, 423 U.S. 261 (1976).

> b. Grounds for Reconsideration Based on the Order's Failure to Address Defendants' Contentions Regarding the Identity of the Defendants, the Nature of Plaintiff's Claims, the Procedural History, the Evidence Presented, the Relevant Determinative Facts, and Applicable Legal Analysis, and the Proper Relief

In this section, Plaintiff argues he was not provided information regarding exactly how to amend his earlier Complaints to comply with the Federal Rules of Civil Procedure, and made "considerable efforts in good faith to comply with the magistrate courts instructions, as reflected in the length and content of his Second Amended Complaint." ECF No. 86 at 11. He notes "the only errors made in the amended complaint can easily be fixed by 1) adding Defendants name to the caption each cause of action 2) incorporate by reference only the allegations related to each defendant's responsibility for each cause of action, rather than incorporating all preceding allegations." *Id.* Plaintiff argues the cases cited by the court are inapposite as he was denied the

7

opportunity to file another amended complaint before his action was dismissed. He contends he "correctly seeks reinstatement" and leave to amend his Complaint as his claims should be "tested on their merits." *Id.* at 14-15. He further argues the district court failed to review the Second Amended Complaint or his proposed Third Amended Complaint, filed the same day his motion for reconsideration was filed. *Id.* at 16.

Plaintiff ignores the fact he was allowed to file two amended complaints and cautioned regarding the form and complexity of his Complaint. *See* ECF Nos. 30 (Oral Order granting motion to amend, finding as moot motions to dismiss), 41 (First Amended Complaint), 52 (Report recommending leave to file second and final amended complaint that comports with Rule 8(a)(2)), 54 (Second Amended Complaint). He contradicts himself by arguing he was not told exactly how to amend his complaint (which is not the province of the Magistrate Judge or this court) yet then lays out two ways he could "easily fix" his Complaint – but failed to do each time he filed an amended complaint. Plaintiff specifically notes leave to amend the pleadings may be denied for "repeated failure to cure deficiencies by amendments previously allowed." *Id.* at 14. This is precisely what occurred in this case. The court reviewed Plaintiff's Second Amended Complaint and found it, much like his original and First Amended Complaint, did not comply with Rules 8(a) and 10(b). The court found a substantial reason to deny leave to amend in Plaintiff's repeated failure to comply with the Magistrate Judge's Reports and repeated failure to draft his Complaint(s) to comport with Rules 8(a) and 10(b). Plaintiff has presented no grounds warranting alteration of the court's judgment under Rule 59(e), or "exceptional circumstances" for relief from judgment under Rule 60(b).

8

        c. Plaintiff's Ability to Amend is "Justified Relief" and Would Cure a "Manifest Injustice."

Plaintiff argues generally he should be allowed to file his "thoroughly pled Third Amended Complaint," and "not allowing this leave would be a 'manifest injustice.'"[8] *Id.* at 17. Specifically, Plaintiff argues the court refused to review the proposed Third Amended Complaint[9] and thus "adopted a heightened prison im pauperus [*sic*] pleading requirement." *Id.* at 18. Plaintiff argues he "indicated an undeniable willingness to amend," should have been allowed to do so, and requests the court acknowledge Plaintiff "was not given an opportunity to amend his complaint." *Id.* at 19. Plaintiff contends his previous attorneys were responsible for the deficiencies in his Complaints. *Id.* at 26; 31. He also notes he has not been allowed to amend "as a matter of right," and he therefore is "entitled to at least one more amendment as a matter of right and a matter of law." *Id.* at 27. The remainder of this section argues Plaintiff's claims should be tested on their merits, and therefore he should be allowed to amend. Plaintiff also discusses the six factors regarding dismissal for failure to comply with court orders found in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d. Cir. 1984). *Id.* at 31-37.

---

[8] Because the substance of this argument appears in the next section, the court will consider these arguments together here.

[9] In this paragraph, Plaintiff states the court refused to review the Third Amended Complaint (which was not filed until the date this motion for reconsideration was filed), did not review the First Amended Complaint, and did not address the factual allegations in the Second Amended Complaint, so "it is apparent no review was done." The court is unable to discern which Complaint Plaintiff claims was not reviewed. The Second Amended Complaint was the subject of the dismissal order, and was thoroughly reviewed by the court. The court also reviewed the original and First Amended Complaint in order to compare those to the Second Amended Complaint.

9

Plaintiff's arguments ignore the fact he has already been allowed to amend his complaint twice, and failed to meet the pleading standards each time. Defendants' three sets of motions to dismiss, the Magistrate Judge's Reports, and this court's order adopting the Report as to the First Amended Complaint all put Plaintiff on notice of the deficiencies in his Complaints, yet he failed to correct them despite several opportunities to do so. Although leave to amend should be freely given when justice so requires under Rule 15(a)(2), the denial of leave to amend is within the discretion of the district court, and leave may be properly denied for "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). That is precisely what has occurred in this case.

The court finds Plaintiff's claim his attorneys are at fault for the deficiencies in his Complaints unavailing. As noted in the Order dismissing this case, Plaintiff's second counsel noted in his motion to withdraw that the Amended Complaint was drafted by Plaintiff, and it is signed only by Plaintiff (not the attorney). *See* ECF Nos. 45 (motion to withdraw), 80 (dismissal order). Plaintiff was proceeding *pro se* at the time his Second Amended Complaint was filed, and it is signed only by Plaintiff. ECF No. 54. Therefore, his argument that his attorneys are at fault is disingenuous. In addition, Plaintiff's proposed Third Amended Complaint would not be allowed as a matter of course even if the case had not been dismissed with prejudice. Amendment as a matter of course is allowed only within 21 days after serving the Complaint, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Finally, Plaintiff's analysis of the *Poulis* factors does not support his request. The procedural posture of *Poulis* was entirely different:

it was dismissed based on counsel's failure to comply with the scheduling order or respond to court orders, with the district court noting "deliberate, dilatory action is a basis for dismissal." *Id.* at 867. The Third Circuit affirmed dismissal based on the six factors identified. *Id.* at 870. However, not every analysis regarding dismissal with prejudice is the same. This case was dismissed based on Plaintiff's failure to comply with the Federal Rules of Civil Procedure regarding his pleading. The Third Circuit standard, or Plaintiff's application of it to his case, does not support reconsideration of judgment or that Plaintiff should be provided another opportunity to amend.

d. Leave to Amend

Plaintiff's arguments in his next two sections mirror those above: he should be granted leave to amend his Second Amended Complaint due to the liberal approach to amending pleadings. He cites cases holding a plaintiff "should be given at least one opportunity to try to amend her complaint before the entire ac-ion [sic] is dismissed." ECF No. 86 at 41. He notes the same standard applies for granting amendment after judgment. *Id.* at 42, 44. He again appears to argue he has not had an opportunity to amend while proceeding *pro se*.

A "district court may not grant the post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). The court has not been presented with grounds to grant the motion to alter or amend, and therefore will not vacate the judgment. Further, and as noted above, Plaintiff has had two opportunities to amend, and it appears he drafted two of his three Complaints, despite his assertions to the contrary. Finally, the court has reviewed the Proposed Third Amended Complaint, which contains 375 paragraphs (170 of which are factual allegations), fourteen counts,

11

and two exhibits over 80 pages.[10]  ECF No. 85-2.  Again, instead of condensing his allegations to include the crux of the issues to comply with Fed. R. Civ. P. 8(a) and making them easier to follow, Plaintiff has inexplicably increased the length of his Complaint, adding further factual allegations and more claims.  Plaintiff does attempt to provide minimal clarity to his claims by including a short header on each (for example, Count 2, regarding Substantive and Procedural Due Process, includes a header noting "'Withdrawal' Decisions Must Respect Due Process"); however, it remains difficult if not impossible to discern which facts from the 170 introductory and factual paragraphs correspond to which of the claims.  Some claims limit exposure to certain Defendants; however, many claims are alleged against most, if not all, Defendants.  Overall the proposed Third Amended Complaint suffers from many of the same defects as the previous three Complaints.  The court declines to vacate the judgment and will not grant further amendment of the Complaint.

e. Plaintiff's First Amendment Claims

Plaintiff discusses the merits of his First Amendment claims, arguing in general that students' First Amendment rights are often violated on college campuses, as his were.  *Id.* at 46-56.  He contends a failure to allow his claims to proceed would allow colleges to continue violating students' Constitutional rights.  However, this argument does not address reconsideration and is not a proper basis for amendment of the judgment.

---

[10] Plaintiff's Second Amended Complaint was 44 pages with 138 paragraphs of factual allegations, eight counts, and 149 pages of attachments.  ECF No. 54.

### 4. Conclusion

For the reasons above, Plaintiff's motion for reconsideration (ECF No. 86) is denied. Plaintiff has presented no proper grounds to alter or amend the judgment. This case is not one warranting application of the "extraordinary remedy" Rules 59(e) and/or 60(b) provide. Plaintiff's motion for leave to file Third Amendment Complaint (ECF No. 85), therefore, is moot, as is Defendants' motion to stay consideration of the motion for leave to amend (ECF No. 88).

**IT IS SO ORDERED.**

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
May 8, 2018